IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TONYA WATKINS | * | Case No. 3:19-cv-179 |
| Plaintiff, | * | Magistrate Judge Michael J. Newman (Consent Case) |
| vs. | * | |
| GREENE METROPOLITAN HOUSING AUTHORITY, *et al.*, | * | |
| Defendants. | * | |

## CONSENT DECREE

I. BACKGROUND

A. This is a civil action for deprivation of due process rights, pursuant to 42 U.S.C. §1983 brought by Plaintiff Tonya Watkins against Defendants Greene Metropolitan Housing Authority and Brenda Smallwood, in her personal and official capacities, seeking declaratory and injunctive relief and damages to redress Defendants' unlawful termination of Plaintiff Watkins' Section 8 Housing Choice Voucher in violation of the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1437c-1 and 24 CFR §982.54.

B. Plaintiff Watkins filed a Motion for Preliminary Injunction requesting that Defendants Greene Metropolitan Housing Authority and Brenda Smallwood immediately reinstate her to the Section 8 Housing Choice Voucher Program, administered by Defendants. On September 4, 2019, this Court granted Plaintiff

Watkins's Motion for Preliminary Injunction and ordered Defendants "to promptly reinstate Plaintiff's Section 8 voucher during the pendency of this lawsuit" (Doc. 17).

## II. GENERAL PROVISIONS

A. In accordance with 42 U.S.C. §1983, this Consent Decree is made and entered into by and between Plaintiff Watkins and the Defendant Brenda Smallwood, in her personal and official capacity, under these or any other names, for themselves, their heirs, representatives, parents, subsidiaries, affiliates and related companies, and their officers, agents, employees, successors and assigns.

B. Each party warrants that none of the claims or causes of action against any other party has been assigned, that each party has reviewed this Consent Decree with counsel and that each person signing this Consent Decree has been duly authorized to do so.

C. Execution of this Consent Decree will resolve all claims against Defendants in the Complaint (Doc. 1) and First Amended Complaint (Doc. 7) filed by Plaintiff Watkins. The parties agree to the entry of this Consent Decree with the full intention of settling and resolving any and all claims, demands, damages, lawsuits, and causes of action of every nature, known and unknown, foreseen and unforeseen, legal and equitable that now exist or may hereafter arise out of any event, occurrence, transaction or act, that occurred before the effective date hereof that is related in any way to the causes of action brought in Plaintiff Watkins's Complaint, filed on June 14, 2019 and First Amended Complaint, filed on July 12, 2019.

D. It is also expressly understood and agreed by all parties that this Consent

Decree is in full settlement and satisfaction of the disputed claims, that any injuries or damages or legal liability is disputed and denied by Defendants and that payment of the settlement sum and other considerations given in this Consent Decree are not to be construed as an acknowledgement of the validity of any claim, liability or cause of action asserted, or as an admission of any liability or wrongdoing, it being expressly understood that all such claims are in all respects denied.

E. This Consent Decree constitutes and contains the entire agreement and understanding between the parties as to the matters addressed herein and supersedes all prior and contemporaneous oral and written agreements, representations and discussions.

F. The parties declare that each has carefully read this Consent Decree, that each has reviewed its terms with each party's respective counsel, or has had the full and fair opportunity to do so, and that each agrees to it for the purpose of making a full and final adjustment and resolution to the matters contained herein. Each party affirms that the terms of this Consent Decree are totally satisfactory to and thoroughly understood by it and that it is executing and delivering this Consent Decree of its own free will in exchange for the consideration as provided herein, which each party acknowledges and agrees is adequate and satisfactory.

G. No modification shall be binding on any of the parties hereto unless it has been agreed to by all the parties in writing, signed by them and identified as an amendment to this Consent Decree or by further Order of the Court.

H. This Consent Decree is effective upon filing by the Court.

I.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 28 U.S.C. §1343(a)(4).

III.    NON-COMPLIANCE WITH CONSENT DECREE

A.      This Consent Decree shall be in effect for a period of ninety days from the filing of this Decree.

B.      This Court shall retain jurisdiction for the duration of this Consent Decree to enforce its terms, after which time the case shall be dismissed with prejudice.

C.      The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. In the event that any party contends that there has been a failure by the adverse party, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, and in the event informal methods of resolution do not succeed, then the aggrieved party shall present the dispute to United States Magistrate Judge Sharon L. Ovington for alternative dispute resolution. If the parties are unable to resolve their disagreement through alternative dispute resolution, Magistrate Judge Ovington will refer the matter to Magistrate Judge Michael J. Newman for resolution.

IV.     COSTS OF LITIGATION

The Defendants shall bear all costs associated with this litigation.

V.      REMEDIAL ACTIONS

A.      Damages and Other Relief

1.  DAMAGES

Defendants shall pay damages in the amount of Four Thousand Two Hundred Forty-Six Dollars ($4,246.00), representing the unpaid housing subsidy of $386 per month for the period October 2018 through August 2019, within sixty (60) days after the filing of the Consent Decree. This damages' amount shall be split into two (2) payments – one payment shall be made by check payable to the Estate of Earl Childers in the amount of $1,158 for October through December 2018 housing subsidy and one payment shall be made by check payable to Plaintiff Tonya Watkins in the amount of $3,088 for January through August 2019 housing subsidy. This award shall not count as income for purposes of the Section 8 Housing Choice Voucher Program, should in no way affect Plaintiff Watkins's continued eligibility for this program, and should not be counted as income for any program administered by the Defendants.

2.  VOUCHER PARTICIPATION

Defendants shall reinstate Plaintiff Watkins as a participant in the Section 8 Housing Choice Voucher Program administered by Defendants. Plaintiff Watkins shall remain a participant after the Dismissal of this action, subject to Plaintiff's compliance with program requirements. The Defendants agree that they will not seek any termination against Plaintiff Watkins based on any and all violations that may have occurred prior to the date of this Consent Decree.

3.  MODIFICATION TO FAMILY REPORTING RESPONSIBILITY CHECKLIST FORM

Defendants shall delete Item #31 in its entirety from the Family Reporting

Checklist Form maintained by the Defendants within thirty (30) days after the filing of the Consent Decree.

B. ATTORNEY FEES

Within sixty (60) days after the filing this Consent Decree, Defendants shall pay Twenty-Five Thousand Dollars ($25,000) to reimburse Plaintiff's attorneys for the fees they incurred in litigating this case on behalf of Plaintiff Watkins. The attorney fees' amount shall be split into two (2) payments – one payment in the amount of Seventeen Thousand Five Hundred Dollars ($17,500) shall be made by check payable to Legal Aid of Western Ohio, Inc. and delivered to Kelli A. Bartlett at 130 West Second Street, Suite 700 West, Dayton, Ohio 45402 and one payment in the amount of Seven Thousand Five Hundred Dollars ($7,500) shall be made by check payable to Advocates for Basic Legal Equality, Inc. and delivered to Debra A. Lavey at 130 West Second Street, Su. 700 East, Dayton, Ohio 45402.

IT IS SO ORDERED.

s/ Michael J. Newman                               2/12/2020
UNITED STATES MAGISTRATE JUDGE                     DATE

By their signatures below, each party consents to the entry of this Consent Decree:

/s/ Kelli A. Bartlett
Kelli A. Bartlett #0077263
Trial Attorney for Plaintiff Watkins
LEGAL AID OF WESTERN OHIO, INC.
130 West Second Street, Su. 700 West
Dayton, Ohio 45402
(937) 535-4400 telephone
(937) 449-8131 facsimile
kbartlett@lawolaw.org

/s/ Jennifer E. Marietta
Jennifer E. Marietta #0089641
Trial Attorney for Defendants
MARIETTA LAW, LLC.
P.O. Box 37
Xenia, Ohio 45385
(937) 903-3082 telephone
(866) 901-8576 facsimile
jmarietta@mLL.1law.pro

/s/ Debra A. Lavey
Debra A. Lavey, #0073259
dlavey@ablelaw.org
Attorney for the Plaintiff Watkins
ADVOCATES FOR BASIC LEGAL EQUALITY, INC.
130 W. Second St., Su. 700 East
Dayton, Ohio 45402
Phone: (937) 228-8104
Fax: (937) 535-4600

/s/ Brenda Smallwood
Brenda Smallwood
Defendant

Attorneys for Plaintiff Watkins


/s/ Tonya Watkins
Tonya Watkins
Plaintiff

By their signatures below, each party consents to the entry of this Consent Decree:

_____
Kelli A. Bartlett #0077263
Trial Attorney for Plaintiff Watkins
LEGAL AID OF WESTERN OHIO, INC.
130 West Second Street, Su. 700 West
Dayton, Ohio 45402
(937) 535-4400 telephone
(937) 449-8131 facsimile
kbartlett@lawolaw.org

_____
Jennifer E. Marietta #0089641
Trial Attorney for Defendants
MARIETTA LAW, LLC.
P.O. Box 37
Xenia, Ohio 45385
(937) 903-3082 telephone
(866) 901-8576 facsimile
jmarietta@mLL.law.pro

_____
Debra A. Lavey, #0073259
dlavey@ablelaw.org
Attorney for the Plaintiff Watkins
ADVOCATES FOR BASIC LEGAL EQUALITY, INC.
130 W. Second St., Su. 700 East
Dayton, Ohio 45402
Phone: (937) 228-8104
Fax: (937) 535-4600

_____
Brenda Smallwood
Defendant

Attorneys for Plaintiff Watkins

_____
Tonya Watkins
Plaintiff

7